UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HEIDI RUSSIS,<br>*Plaintiff*,<br><br>v.<br><br>JENNIFER BUSHNELL and OFORI KORA,<br>*Defendants*. | No. 3:24-cv-1911 (JAM) |

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**

Plaintiff Heidi Russis has filed a *pro se* complaint against two employees of the Connecticut Department of Children and Families (DCF). Because it does not appear that the complaint alleges facts that give rise to plausible grounds for relief, the Court issues this order to show cause to require Russis to file an amended complaint on or before **December 19, 2024** that sets forth additional facts or to file a response to this order to show cause explaining why the complaint should not be dismissed.

### BACKGROUND

Russis has filed her complaint on the District of Connecticut's standardized federal civil rights complaint form. This form includes various subject matter headings designed to prompt and assist a *pro se* party to include the information that is necessary for the Court to evaluate a complaint and for a defendant to have fair notice of what a plaintiff claims that the defendant did wrong.

Under a heading for "Parties," Russis names two defendants: a DCF investigator named Jennifer Bushnell and Bushnell's supervisor, Ofori Kora.[1]

---
[1] Doc. #1 at 1-2.

Under a heading for "Jurisdiction," Russis has checked a box for a federal law cause of action pursuant to 42 U.S.C. § 1983.[2]

Under a heading for "Nature of the Case" and an instruction on the form to describe the "background of your case," Russis has left this blank and does not allege any background facts.[3]

Under a heading for "Cause of Action" for "Claim I," Russis states in full: "Purjury, deprivation of rights, illegal search and seizure claiming a well-being check after knowing from Minnesota I was not under the influence while traveling home from Minnesota."[4]

Under a sub-heading for "Supporting Facts," the complaint form instructs a plaintiff to "[i]nclude all facts you consider important, including names of persons involved, places, and dates," and to "[d]escribe exactly how each defendant is involved."[5] In response to this instruction, Russis alleges only that "[t]his happened October 5, 2023" and without any additional facts.[6]

Under a heading for "Request for Relief," Russis has left this blank and does not include any request for relief.[7]

## DISCUSSION

The Court has authority on its own initiative to review and dismiss a complaint if it "is frivolous or malicious" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). A federal court complaint is subject to dismissal for failure to state a claim if it does not allege facts that give rise to plausible grounds for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[2] *Id.* at 2.
[3] *Id.* at 3.
[4] *Ibid.*
[5] *Ibid.*
[6] *Ibid.*
[7] *Id.* at 5.

If a plaintiff is appearing *pro se,* the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *Ibid.*

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought," Fed. R. Civ. P. 8(a)(2)-(3). Rule 8 also requires that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

As the Second Circuit has explained, "a complaint does not need to contain detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level." *Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014). Still, Rule 8 "does not countenance pleadings that are conclusory; it requires factual allegations that are sufficient to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

Russis has not alleged enough facts to suggest that she has plausible grounds for relief or that she has given fair notice of the nature of her claims as required by Rule 8. Her bare and conclusory allegations of perjury, a deprivation of her rights, and of an illegal search are not enough to suggest her rights were violated absent more facts to show how each of these violations occurred. Although Russis further alleges that there was an improper "well-being check" despite her "not [being] under the influence while traveling home from Minnesota," this

sparse additional detail is not enough to reasonably necessary to understand how her rights were actually violated.

Moreover, even assuming that Russis alleged enough facts to plausibly suggest that someone violated her rights, it does not allege facts to show that it was either one of the named defendants who did so. A defendant may not be liable under 42 U.S.C. § 1983 for violating a plaintiff's civil rights absent a showing of "'the defendant's personal involvement in the alleged constitutional deprivation.'" *Kravitz v. Purcell*, 87 F.4th 111, 129 (2d Cir. 2023) (quoting *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013)).

Merely alleging that a defendant occupied a supervisory title over someone else who violated a plaintiff's rights is not enough by itself to hold a supervisory defendant liable because "a plaintiff must plead and prove that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (emphasis added). Nor does a complaint satisfy Rule 8 "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001).

Here, Russis alleges that wrongdoing occurred during a wellness check. But she does not allege any facts to suggest what each one of the two defendants personally did to violate her rights.

In short, the complaint does not allege plausible ground for relief. It does not allege enough facts to plausibly suggest a violation of Russis's constitutional rights. Nor does it allege enough facts to suggest the personal involvement of the two named defendants. Nor does it allege what relief is requested.

In the ordinary course, the Court will not dismiss a complaint on its own initiative without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Russis may either file an amended complaint that addresses these concerns or file a response explaining why the original complaint is legally sufficient.

## CONCLUSION

For the reasons set forth above, it appears that the complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). The Court intends to dismiss this action unless Russis either files an amended complaint that overcomes the concerns stated in this order or files a response explaining why her initial complaint should not be dismissed. Any amended complaint or other response to this order to show cause must be filed not later than **December 19, 2024** (subject to extension if Russis files a motion for extension of time before that date).

It is so ordered.

Dated at New Haven this 5th day of December 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge